UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCAS BRINKMEYER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MEDIACOM COMMUNICATION CORPORATION,<br><br>Defendant. | Case No. 7:24-cv-09236-PMH |

**JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiff Lucas Brinkmeyer and Defendant Mediacom Communication Corporation submit this Joint Motion to Approve Settlement as follows:

**Background and Claims**

On December 3, 2024, Plaintiff filed the Complaint alleging that Defendant failed to properly pay the Plaintiff the required minimum wage and overtime wages in violation of the FLSA and also asserted a breach of contract and unjust enrichment claim.

Mediacom Communications Corporation is the United States' fifth largest cable television provider based on the number of video subscribers, and among the leading cable operators focused on serving smaller cities and towns. The Company has a significant concentration of customers in the Midwest and Southeast and is the largest broadband provider in Iowa. Mediacom is headquartered in New York and incorporated in Delaware.  Plaintiff was hired by Mediacom as a Customer Service Representative. It is Mediacom's position that it provided all employees, including Plaintiff, with the correct minimum wage and overtime wages.  It is Plaintiff's position that he was required to work a substantial amount of time off-the-clock as part of his job duties,

1

and he was not compensated for that work.

On or about February 11, 2025, the Parties mutually agreed to resolve this matter via settlement in an amicable manner without the expense and time of further litigation and without admission of liability or wrongdoing by anyone.

The Parties' Settlement Agreement, attached hereto as Exhibit A, provides for a total settlement of $9,500.00. The Plaintiff will receive the following:

      Lucas Brinkmeyer      $3,800.00

      Plaintiff's counsel, Sommers Schwartz will receive $5,700.00 for legal fees and costs.

**Standard for Review**

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13,

2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky, supra* at 335.

**The Settlement Reached Between the Parties**

During early informal discovery, Defendant provided Plaintiff with payroll information reflecting Plaintiff's hours worked and pay stubs reflecting wages paid. Plaintiff identified what he believed to be violations of the FLSA, including minimum wage and overtime wage violations. Defendant vehemently denies that there are violations of the FLSA (or common law claims) present with regard to these issues, and the Parties have a *bona fide* dispute as to the facts and law underpinning these claims.

Plaintiff alleges that up to twenty (20) minutes a day were uncompensated. As described above, the Parties disagree on this contention.

The FLSA has a two-year statute of limitations that may be extended to three years if an employer's violations were willful. *See* 29 U.S.C. § 255. Plaintiff bears the burden to prove willfulness. *See Trimmer v. Barnes & Noble, Inc.*, 31 F. Supp. 3d 618, 627 (S.D.N.Y. 2014). Plaintiff therefore possesses great risk in not recovering any unpaid wages for the third year if he cannot show that Defendant acted willfully.

Considering the significant factual and legal disputes, the Parties believe that the $9,500.00 settlement amount is a fair compromise to resolve this case without further litigation, and without subjecting both Parties to the time and expense of more extensive discovery and ongoing litigation. While all sides are confident that they would prevail on the disputed issues of law and fact, there are bona fide disputes as to these issues.

The settlement agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims in the totality of the circumstances. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. Lastly, each Party is represented by counsel experienced in wage and hour practice.

**Plaintiff's Ranges of Possible Recovery**

As stated above, the proposed settlement represents a fair value of Plaintiff's alleged claims, including liquidated damages and statutory damages, where Defendant denies all violations. *See, Rodriguez-Hernandez v. K Bread & Co.*, No. 15- cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks). The settlement will also enable the Parties to avoid the burdens of testifying, and the hardship of waiting for the payment of any recovery. The Plaintiff believes that, on balance, the recovery they obtain now is preferable to waiting for the conclusion of anticipated lengthy litigation.

Part of the purpose of settlement is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the [Plaintiffs] . . . against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). The

settlement represents a reasonable compromise of the bona fide disputes in this matter. A "presumption of fairness, adequacy and reasonableness may attach to a . . . settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted).

The Parties participated in arm's length settlement discussions in order to arrive at this settlement. As such, the settlement involves a clear and bona fide wage dispute in contested litigation, which was resolved through an arm's-length settlement process.

Considering Plaintiff's risks on the merits and his range of potential recovery, Plaintiff's Counsel negotiated him a favorable settlement.

**Possibility of Fraud or Collusion**

This settlement was reached after negotiations between experienced counsel who duly counseled their respective clients on the benefits and risks of continued litigation. Moreover, Defendant provided significant time record and pay stub documentation to Plaintiff. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in the present matter and the Court should approve the settlement.

**Plaintiffs' Counsel is Entitled to a Reasonable Fee**

Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering the unpaid wages and statutory violations under the FLSA. The Parties refer the Court to the Declaration of Paulina R. Kennedy, attached hereto as Exhibit B.

**Settlement Agreement Provisions**

The Settlement Agreement does not contain any provisions such as confidentiality, general release, or non-disparagement, that courts in this District have found objectionable. *See, e.g.*, *Fernandez v. N.Y. Health Care, Inc.*, 2020 U.S. Dist. LEXIS 69408 at *4-7 (S.D.N.Y. 2020).

**Conclusion**

Accordingly, the Parties request that the Court approve the settlement agreement and dismiss this lawsuit with prejudice to refiling.

Dated: February 28, 2025

Respectfully submitted,

                                   */s/ Paulina R. Kennedy*

                                   Jason J. Thompson (MI Bar No. P47184)*
                                   Paulina R. Kennedy (MI Bar No. P84790)*
                                   SOMMERS SCHWARTZ, P.C.
                                   One Towne Square, 17th Floor
                                   Southfield, Michigan 48076
                                   Telephone: 248-355-0300
                                   jthompson@sommerspc.com
                                   pkennedy@sommerspc.com

                                   Nicholas Conlon
                                   BROWN, LLC
                                   111 Town Square Place, Suite 400
                                   Jersey City, NJ 07310
                                   Telephone: (877) 561-0000
                                   nconlon@jtblawgroup.com

                                   *Attorneys for Plaintiff and the Putative*
                                   *Collective/Class Members*

By:  */s/ Jeremy W. Hawpe*
Jeremy W. Hawpe
Littler Mendelson, P.C.
2001 Ross Ave., Ste. 1500
Dallas, TX  75201
214.880.8100 Tel
214.880.0181 Fax
jhawpe@Littler.com

Nicole S. LeFave
Littler Mendelson, P.C
100 Congress Ave., Ste. 1400
Austin, TX  78701
512.982.7250 Tel
512.982.7248 Fax
nlefave@Littler.com

William J. Anthony
Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298
Telephone:  212.583.9600
wanthony@littler.com

*Attorneys for Defendant Mediacom Communication Corporation*