UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCAS BRINKMEYER, individually and on behalf of
others similarly situated,

                             Plaintiff,

            -against-

MEDIACOM COMMUNICATION CORPORATION,

                           Defendant.

**<u>ORDER</u>**

24-CV-09236 (PMH)

PHILIP M. HALPERN, United States District Judge:

On February 28, 2025, the parties in this wage-and-hour case submitted, for the Court's

approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), a joint letter

(Doc. 27); a proposed settlement agreement (Doc. 27-1); a declaration by Paulina R. Kennedy, an

associate at Plaintiff's lead counsel of record, Sommers Schwartz P.C. (Doc. 27-2); a declaration

by Eric Sands, an associate at Plaintiff's local counsel, Brown, LLC (Doc. 28); and a copy of

Brown, LLC's firm resume (Doc. 28-1).

Having carefully reviewed these submissions, the Court finds that the total settlement

amount of $9,500.00 is fair and reasonable under *Cheeks*. The allocation of attorney's fees under

the proposed settlement agreement, however, is unreasonable. Accordingly, approval of the

proposed settlement agreement is denied.

"Where the proposed settlement provides for payment of attorney's fees, the Court must

separately assess the reasonableness of the fee award." *Diaz-Caballero v. Midtown Catch Corp.*,

No. 18-CV-04672, 2020 WL 8880944, at *1 (S.D.N.Y. Apr. 15, 2020). "Except in extraordinary

cases, courts in this District have declined to award fees representing more than one-third of the

total settlement amount." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-06667,

2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015); *see also Thornhill v. CVS Pharmacy, Inc.*,

No. 13-CV-05507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (Courts in this Circuit "typically approve attorney's fees that range between 30 and 33" percent in FLSA cases); *Alt v. Soc. Impact 360, Inc.*, No. 20-CV-04478, 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020) ("Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases."). In addition, "[t]he fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).

The Court finds that the allocation of attorneys' fees under the proposed settlement agreement is deficient for two independent reasons. First, this case is not "extraordinary." *Run Guo Zhang*, 2015 WL 5122530, at *4. It involves only one plaintiff, and a settlement was reached before the Court rendered a decision on conditional class certification. Under the proposed settlement agreement, however, Plaintiff's counsel would receive $5,700, or 60% of the total settlement amount. (Doc. 27 at 2; Doc. 27-1 at 1). Consistent with the prevailing view in this District, the Court finds that this proposed allocation of attorney's fees far exceeds the bounds of reasonableness. *Cf. Perez v. Karayiannis Glob. Grp., Inc.*, No. 18-CV-10212, 2021 WL 1326866, at *2 (S.D.N.Y. Apr. 8, 2021) (attorney's fees and costs representing 40% of the total award was unreasonable); *Mobley v. Five Gems Mgmt. Corp.*, No. 17-CV-09448, 2018 WL 1684343, at *5 (S.D.N.Y. Apr. 6, 2018) (same); *Ramirez v. Benares Indian Rest. LLC*, No. 14-CV-07423, 2015 WL 926008, at *2 (S.D.N.Y. Mar. 4, 2015) (same).

Second, even if the requested amount only represented one-third of the total settlement amount, the parties failed to submit adequate documentation supporting the requested attorneys' fees and costs. Plaintiff's counsel attests to the reasonableness of the requested fees (Doc. 27-2 ¶¶ 34-36; Doc. 28 ¶¶ 4-7), but fails to submit any contemporaneous billing records conveying the

2

attorneys' billing rates, description of services rendered, or the hours worked. "Without this evidence, the Court cannot determine whether counsel's fee request is commensurate with the amount of time spent on this case and therefore reasonable. Plaintiff's counsel's failure to provide this documentation necessarily warrants denial of the fee application." *Santiago v. Agadjani*, No. 21-CV-07090, 2024 WL 4424240, at *14 (E.D.N.Y. Oct. 4, 2024) (collecting cases).

"In the event that a district court determines that a fee allocation is unreasonable, 'it shall reject the settlement . . . and give them an opportunity to reach a new agreement.'" *Garcia v. 120 MP, LLC*, No. 18-CV-06408, 2020 WL 2319126, at *3 (S.D.N.Y. May 8, 2020) (quoting *Fisher*, 948 F.3d at 607).

Accordingly, the motion for approval of the proposed settlement agreement (Doc. 27) is DENIED without prejudice to the filing of a revised settlement agreement by March 26, 2025. If the parties file a revised settlement agreement, the parties shall also file, by March 26, 2025, billing records containing detailed descriptions of the work done by counsel in this matter. If the parties are unwilling or unable to revise the settlement agreement in accordance with this Order, they are directed to advise the Court of same in writing by March 26, 2025.

The parties are also advised that they may choose to, as an alternative to the *Cheeks* process, offer and accept a Judgment pursuant to Federal Rule of Civil Procedure 68. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019) ("[J]udicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims.").

**SO-ORDERED**:

Dated: White Plains, New York
        March 12, 2025

_____
Philip M. Halpern
United States District Judge